UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAKIM EL BEY,

               Plaintiff,

-against-

VICTOR G. DOGDIG, acting as President and CEO, et al.,

               Defendants.

1:22-CV-0091 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff filed this action *pro se*. In an order and judgment dated and entered on March 15, 2022, the Court dismissed this action *sua sponte*. (ECF 56 & 57); *El Bey v. Dogdig*, No. 1:22-CV-0091, 2022 WL 784035 (S.D.N.Y. Mar. 15, 2022). On April 25, 2022, Plaintiff filed an "Affidavit of Fact" in which he challenges the dismissal of this action. (ECF 58.) On June 3, 2022, Plaintiff filed two more "Affidavits of Fact" in which he seems to challenge the dismissal of this action. (ECF 59 & 60.) On June 30, 2022, Plaintiff filed yet another "Affidavit of Fact" in which he also seems to challenge the dismissal of this action. (ECF 61.)

      The Court construes these submissions as motions seeking relief from a final judgment or order, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him") (citations omitted). After reviewing the arguments in Plaintiff's motions, the Court denies the motions.

## DISCUSSION

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motions, Plaintiff does not show that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff relief under Rule 60(b)(1) through (5).

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motions are also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A litigant seeking Rule 60(b)(6) relief must show both that his motion was filed within a "'reasonable time'" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff does not show that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff relief under Rule 60(b)(6).

## CONCLUSION

The Court construes Plaintiff's "Affidavits of Fact" (ECF 58-61) as motions seeking relief from a final judgment or order, brought under Rule 60(b) of the Federal Rules of Civil Procedure. The Court denies the motions.

This action is closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why the Court should not bar Plaintiff from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 1, 2022
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge