UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAKIM EL BEY,<br><br>                 Plaintiff,<br><br>-against-<br><br>VICTOR G. DOGDIG, acting as President and CEO, et al.,<br><br>                 Defendants. | 1:22-CV-0091 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order and judgment dated and entered on March 15, 2022, the Court dismissed this *pro se* action *sua sponte*. (ECF 56 & 57.) Later, by order dated July 1, 2022, and entered on July 5, 2022, the Court construed Plaintiff's "Affidavits of Fact" (ECF 58-61) as motions seeking relief from a final judgment or order, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"), and denied those motions. (ECF 62.) On July 25, 2022, Plaintiff filed a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), as well as a motion for leave to proceed *in forma pauperis* ("IFP") on appeal, brought under Rule 24(a)(1) of those same rules ("Rule 24(a)(1)"). (ECF 63 & 64.) For the reasons discussed below, the Court denies both of those motions.

**DISCUSSION**

A.    **Rule 4(a)(5) motion**

A litigant has 30 days from the entry date of the order or judgment he wishes to challenge to file a notice of appeal. Fed. R. App. P. 4(a)(1)(A). A litigant may move, under Rule 4(a)(5), for an extension time to file a notice of appeal no later than within 30 days after the date when the period to file a timely notice of appeal has expired. Fed. R. App. P. 4(a)(5)(A)(i). The Clerk

of Court entered the Court's order and judgment dismissing this action on March 15, 2022. Thus, Plaintiff had until April 14, 2022, to file a timely notice of appeal,[1] and he had until May 16, 2022, to file a timely Rule 4(a)(5) motion for an extension of time to file a notice of appeal.[2] In his Rule 4(a)(5) motion, Plaintiff indicates that he is seeking an extension of time to file a notice of appeal with respect to the Court's March 15, 2022, dismissal of this action. (ECF 63.) He did not file his Rule 4(a)(5) motion in this court, however, until July 25, 2022, well after the period to file a timely Rule 4(a)(5) motion expired.[3] The Court therefore denies Plaintiff's Rule 4(a)(5) motion as untimely.

**B.     Rule 24(a)(1) motion**

In both the Court's March 15, 2022, order of dismissal and judgment, the Court certified, under 28 U.S.C. § 1915(a)(3), that any appeal from that dismissal would not be taken in good faith, and therefore, the Court denied Plaintiff IFP status for the purpose of an appeal. (ECF 56 & 57.)  The Court did the same in its July 1, 2022, order denying Plaintiff Rule 60(b) relief. (ECF 62.) Accordingly, because the Court has already denied Plaintiff leave to proceed IFP on appeal, the Court denies Plaintiff's motion, under Rule 24(a)(1), for leave to proceed IFP on appeal.

---

[1] Plaintiff has not filed a notice of appeal.

[2] Because the last day of the period of time for Plaintiff to file a timely Rule 4(a)(5) motion actually fell on Saturday, May 14, 2022, that period was extended to the next court business day, Monday, May 16, 2022. *See* Fed. R. App. P. 26(a)(1)(C).

[3] In his Rule 4(a)(5) motion, Plaintiff states that he has been incarcerated since May 31, 2022. Normally, the Court would regard a prisoner's submission as filed as of the date when the prisoner submitted his submission to his prison's mail system for its delivery to the court. *See, e.g., Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison-mailbox rule). Plaintiff does not allege that he was prisoner, however, on May 16, 2022, when the period to file a timely Rule 4(a)(5) motion expired. Thus, the "prisoner mailbox rule" does not apply here. *See id.*

## CONCLUSION

The Court denies Plaintiff's motions for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, and to proceed IFP on appeal, brought under Rule 24(a)(1) of those same rules. (ECF 63 & 64.)

SO ORDERED.

Dated:   August 5, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge